IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY DWAYNE HOWARD,       | No.  C 04-4637 CW |
|                          | CR 00-40210 CW |
|         Movant,          | |
|                          | No.  C 04-4639 CW |
|     v.                   | CR 02-40062 CW |
|                          | |
| UNITED STATES OF AMERICA,| ORDER DENYING |
|                          | § 2255 MOTION |
|         Respondent.      | |
| _____/| |

  Movant Roy Dwayne Howard, a federal prisoner incarcerated at the Federal Correctional Complex, Adelanto, California, filed a document titled, "Petition to Vacate Order of Restitution," which the Court construed as a motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.

  Respondent the United States of America opposes the motion, first, because the petition fails to state a cognizable claim under § 2255 and, second, because the petition is untimely.  Having considered all of the papers filed by the parties, the Court DENIES Howard's motion to vacate, set aside, or correct his sentence.

BACKGROUND

  On August 5, 2002, Howard plead guilty to armed bank robbery

charged in two consolidated criminal cases, CR 00-40210 CW and CR 02-40062 CW.  Howard was sentenced to one hundred fifty-one months imprisonment and five years supervised release.  Howard was also ordered to pay a $300 special assessment and restitution of $259,758.30: "Payment of the special assessment and restitution is due immediately.  Payment shall be made through the defendant's participation in the Bureau of Prisons' Inmate Financial Responsibility Program . . . [P]ayment of criminal monetary penalties shall be due during the period of imprisonment." Judgment, Case Numbers CR-00-40210-01 CW; CR-02-40062-01 CW.

DISCUSSION

I.  Howard's § 2255 Motion

Pursuant to 28 U.S.C. § 2255, Howard moves to vacate the order of restitution.  Howard claims, first, that the Court lacked sufficient evidentiary basis to conclude that he was able to pay the restitution immediately, and second, that the Court improperly delegated to the Bureau of Prisons the responsibility for devising a schedule for his restitution payments while he is incarcerated.

A.  Legal Standard

A prisoner in custody under a federal court sentence may collaterally attack the validity of his sentence by moving to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  A court will grant a § 2255 motion (1) if the criminal court did not have jurisdiction; (2) if the sentence was not authorized by law or was otherwise illegal; or (3) if the defendant's constitutional rights were violated so as to render the judgment subject to

2

collateral attack.  28 U.S.C. § 2255; see generally United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. McAdams, 759 F.2d 1407, 1409 (9th Cir. 1985)("Although attacks under § 2255 may succeed where an error of less than constitutional dimension occurs, the cases require a 'fundamental defect which inherently results in a complete miscarriage of justice'").

    B.   Applicability of § 2255

        1.   Timeliness

Section 2255 provides that federal prisoners have one year from "the date on which the judgment of conviction is final" to file a motion for collateral relief:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Howard was sentenced on August 5, 2002.  Judgment was entered on August 12, 2002.  The § 2255 petition was filed on October 25,

3

2004, which is outside of the statute of limitations. Howard does not state a basis for extending the filing date. Therefore, Howard's § 2255 petition is untimely and must be denied on this basis.

   2. Requirement of Claiming a Right to Release from Custody

For a claim under 28 U.S.C. § 2255 to be valid, a defendant must be in custody and must claim the right to be released from custody. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999); United States v. Thiele, 314 F.3d 399, 401-02 (9th Cir. 2002). Howard petitions the Court only because he contests the manner in which he was ordered to pay restitution, not to seek release from custody. Thus, the § 2255 motion must be denied on this basis. Even if the motion did not suffer from these defects, it would be denied on the merits, as discussed below.

 C. Imposition of Restitution Without Express Finding of Petitioner's Ability to Pay

The Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663-3664, gives courts "the ability to order restitution and 'grants the district court broad discretion in the kind and amount of evidence required' to order restitution." United States v. Zink, 107 F.3d 716, 719-20 (9th Cir. 1997)(quoting United States v. Ramilo, 986 F.2d 333, 335 (9th Cir. 1993)). Although the VWPA does not prohibit a court from imposing restitution on an indigent defendant, "the record must reflect some evidence [that] the defendant may be able to pay restitution in the amount ordered in the future." Ramilo, 986 F.2d at 336.

However, if the defendant consents in a plea agreement to pay

4

restitution in a specified amount, the district court is relieved of any independent obligation to determine whether the defendant will be able to pay such restitution. Zink, 107 F.3d at 719. In Zink, the court held that the sentencing court need not inquire into the indigent defendant's ability to pay $5,800,000 in restitution because defendant agreed to such restitution in his plea agreement: "Although it is questionable whether the record suggests that Zink may be able to pay the amount of restitution ordered, Zink's clear acquiescence in the restitution order relieved the district court of any independent obligation to further determine Zink's ability to pay restitution." Id. The court upheld the restitution agreement even though the probation report said Zink had no assets. Id.

In the present case, Howard plead guilty to armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d), the penalties of which include restitution. Howard signed his plea agreement, which stated: "I agree that the court may order and I will pay restitution in the amount of $263,818." Howard Plea Agreement at 2, 5. As in Zink, Howard's probation report indicates that his ability to pay is questionable. Presentence Investigation Report, August 14, 2001, at 19.

Under Zink, the order of restitution is valid despite Howard's questionable financial circumstances because his plea agreement included restitution in the amount the Court ordered him to pay.

D. Delegation of Scheduling of Restitution Payments

Howard relies on a series of cases from the Second and Fourth Circuits which hold that the sentencing court may not delegate to the Bureau of Prisons the responsibility to devise a schedule for

5

1  restitution payments.  See e.g., United States v. Mortimer, 94 F.3d
2  89, 91 (2d Cir. 1996); United States v. Kassar, 47 F.3d 562, 568 (2d
3  Cir. 1995); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996).
4      The Ninth Circuit has rejected the position taken by those
5  circuits, holding that sentencing courts may delegate the
6  determination of the timing and manner of restitution payments to
7  the Bureau of Prisons.  Montano-Figueroa v. Crabtree, 162 F.3d 548,
8  550 (9th Cir. 1998).  In Montano-Figueroa, the Ninth Circuit
9  specifically upheld the sentencing judge's delegation of the
10 management of restitution payments to the Bureau of Prisons through
11 its Inmate Financial Responsibility Program (IFRP).  Id.; see also
12 United States v. Barany, 884 F.2d 1255, 1259-61 (9th Cir. 1989),
13 cert. denied, 493 U.S. 1034 (1990).
14     Howard was ordered by this Court to participate in the IFRP in
15 order to pay his special assessment and restitution.  Under Montano-
16 Figueroa, this delegation is permissible.

                                CONCLUSION

18     For the foregoing reasons, the Court DENIES Howard's § 2255
19 motion.  The clerk shall close the file.
20     IT IS SO ORDERED.

22 Dated: 2/28/06

                                          *Claudia Wilken* (signature)
                                          _____
                                          CLAUDIA WILKEN
                                          United States District Judge

Copies mailed to counsel
as noted on the following page

6